**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BRUCE DOUGLAS PAYNE, et al.,

        Plaintiffs,

v.                                     CIVIL ACTION NO.   2:26-cv-00340

NOVAD MANAGEMENT CONSULTING, LLC, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss filed by Defendant United States of America, Department of Housing and Urban Development (the "Government").  (ECF No. 4.) For the reasons discussed herein, the motion is **DENIED**.

**I.     BACKGROUND**

This matter arises out of a mortgage dispute.  (*See* ECF No. 1-1.)  By his power of attorney, Plaintiff Bruce Payne ("Plaintiff") initiated this matter in the Circuit Court of Kanawha County, West Virginia, on April 8, 2026.  (*See id.*)  All defendants were allegedly served via certified mail by the West Virginia Secretary of State that same day.  (*See id.* at 21–32.)  Then, on May 13, 2026, the Government removed this matter to this Court.  (ECF No. 1.)

Shortly thereafter, the Government filed the pending Motion to Dismiss for insufficient service of process.  (ECF No. 4.)  Plaintiff filed a response, (ECF No. 8), and the Government did not file a reply.  Accordingly, this motion is fully briefed and ripe for adjudication.

1

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(5), a party may seek dismissal for insufficient service of process.   Generally, "[t]he plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4."   *Hanson & Morgan Livestock, Inc. v. B4 Cattle Co.*, 5:07CV330, 2007 WL 4305606, at *15 (S.D. W. Va. Dec. 7, 2007) (Johnston, J.) (internal citations omitted).   However, if service of process occurs prior to the removal of a civil action to federal court, then "state law controls the question of whether service was proper."   *Fields v. Norfolk & S. Ry. Co.*, 924 F.Supp.2d 702, 708 (S.D. W. Va. 2012) (Chambers, J.) (collecting cases).

## III.     DISCUSSION

In the pending motion, the Government argues that Plaintiff failed to properly serve the Government under the Federal Rules of Civil Procedure.   (*See* ECF No. 5 (discussing Rule 4's requirements for serving the United States).)   Plaintiff does not dispute the Government's contentions.   (ECF No. 7.)   Instead of dismissing his case, though, Plaintiff requests "leave to correct and re-serve his Complaint correctly."   (*Id.*)

However, because Plaintiff's alleged service of process occurred prior to removal, state law—as opposed to the Federal Rules of Civil Procedure—controls the question of whether service was proper.[1]   *Fields*, 924 F.Supp.2d at 708.   Therefore, the Government's Motion to Dismiss for

---

[1] The West Virginia Rules of Civil Procedure do not include a specific provision on how to serve the federal government, *see* W. Va. R. Civ. P. 4(d), but this Court has found that "most applicable subsection of Rule 4 appears to be (d)(7), which relates to service on foreign corporations," *Copley v. U.S. Dep't of Energy*, No. 2:11-CV-00416, 2012 WL 1111568, at *5 (S.D. W. Va. Mar. 30, 2012) (Johnston, J.).

failure to effectuate service under Rule 4 of the Federal Rules of Civil Procedure, (ECF No. 4), is **DENIED**.

### IV.   *CONCLUSION*

For these reasons, the Government's Motion to Dismiss, (ECF No. 4), is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      July 14, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

3